UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NAPOLEON CHERRY,

                  Plaintiff,

-against-

ANNETTE YVONNE ALDERMAN,
ATTORNEY RICHARD MINTON,
ATTORNEY SOL NAIMARK, and
NEW WORLD ABSTRACT TITLE CO.
                  Defendants.
------------------------------------------------------------------x

MEMORANDUM & ORDER

08-CV-4035 (ENV)(LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 07 2011
BROOKLYN OFFICE

**VITALIANO, D.J.**

    Pro se plaintiff Napoleon Cherry filed the complaint in this action against four defendants on October 2, 2008, alleging that he is entitled to proceeds beyond what he received from the sale of his deceased uncle's property. The summons for defendant New World Abstract Title Co. ("New World") was returned unexecuted because the company had gone out of business. Defendants Alderman, Minton, and Naimark answered. And, defendant Alderman asserted a counterclaim against Cherry for breach of contract, which Cherry has not answered. Cherry has voluntarily discontinued his claims against Naimark. Defendants Alderman and Minton have moved for summary judgment against plaintiff's claims.[1] Plaintiff did not oppose the motion. And, the motion was referred to Magistrate Judge Lois Bloom pursuant to 28 U.S.C. § 636(b) for a Report and Recommendation. Judge Bloom's Report and Recommendation (the "R&R") issued on September 27, 2011.

    In reviewing a Report and Recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). And, a district judge is required to "determine de novo

---

[1] Alderman did not move for summary judgment on her counter claim against Cherry.



1

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the district "court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's Report and Recommendation. Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Plaintiff did not object to the R&R.[2]

After careful review of the record, the Court finds Magistrate Judge Bloom's Report and Recommendation to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the Report and Recommendation in its entirety as the opinion of the Court. Defendants' motion for summary judgment is granted. Plaintiff's claims against New World are dismissed without prejudice pursuant to Rule 4(m). Alderman's counterclaim is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
December 1, 2011

ERIC N. VITALIANO
United States District Judge

---

[2] Plaintiff did file a letter on October 3, 2011 in which he (1) states he received the R&R and (2) reviews the procedural history of the case. But, there is no reasonable way to construe plaintiff's letter as an objection to the R&R. Other than stating he received the R&R, he says nothing about it whatsoever.